MARGARET DEMPSEY, BY HER NEXT FRIEND, ET AL., PLAINTIFFS-RESPONDENTS, v. WHITE PLAINS HOTEL CORPORATION, DEFENDANT-APPELLANT.

Submitted October 28th, 1932—Decided January 31, 1933.

For the appellant, *Autenrieth, Gannon & Wortendyke.*

For the respondents, *Giordano, Golden & Hurley.*

The opinion of the court was delivered by

DONGES, J.   The respondent sued to recover for injuries received by her in falling down an air shaft on the roof of appellant's apartment house.   She had a verdict at the Monmouth Circuit, from which this appeal is taken.

The suit arises out of the following state of facts:  The appellant owns an apartment house in East Orange and reserved control over the hallways, lobbies and roof.   It had the roof so arranged that a portion of it was used by the tenants and their guests as a roof garden.   For this purpose, the appellant provided a space that was floored over, over which a canopy was erected, and on which chairs were provided in the summer time.   The canopy and chairs were removed in the fall of the year, and had been removed when respondent met with her accident on November 25th, 1928. The respondent, then sixteen years of age, was a guest of one of the tenants.

During the evening, it was proposed that the tenant's guests go up to the roof.   At first respondent declared her intention

not to go up to the roof, but after the other guests had gone up through the stairway and had gained the roof and were at a point some twenty-five feet or thereabouts distant from the scene of the accident, she concluded to join them on the roof. She did go to the roof, and as she was passing an air shaft, she left the wooden walkway provided for the use of persons going to the roof garden and went to the air shaft and concluded to sit on the rim of it. This air shaft was approximately three and a half to four feet above the roof and was constructed against a penthouse on one side, and around the top of three sides had a rim about four to six inches in width.

Respondent testified that in order to obtain a seat on the air shaft she raised one leg up on the rim of the shaft, and then "pushed" or "lifted" herself upon it. When so seated, she testified: "No, I didn't know what it was. It was dark, and I couldn't see, and I put my hands back like this [indicating] and I went all the way down." The motion indicated was of putting her hands back of her to rest upon a flooring or covering of the shaft. The shaft was open, as required by the Tenement House act, and she fell into it.

The allegation of negligence in the complaint is that appellant maintained the air shaft "in a darkened and unlighted condition, and without any protection, and failed and omitted to and did not provide and maintain any signs or warning or any protection whatsoever to screen off the said air shaft on the said roof."

The appellant moved for a nonsuit at the conclusion of the plaintiff's case and for a direction of a verdict at the conclusion of the entire case, upon the grounds that there was no negligence of appellant shown and that plaintiff was guilty of negligence and that she by her conduct assumed the risk of injury. Appellant also writes down other grounds of appeal involving alleged trial errors.

The view we take renders it unnecessary to consider the grounds of appeal, except those relating to the refusal to nonsuit and to direct a verdict.

Assuming, but not deciding, that the owner of the building

owed some duty to the respondent while she was on the roof, which it did not perform, we think the evidence clearly showed the respondent to have been guilty of contributory negligence.

To render the appellant liable for the injuries sustained by the respondent, she must have exercised reasonable care for her own safety, that is to say, such care as an ordinarily prudent person would exercise under the circumstances.

According to the respondent's testimony she left the walk, she did not go to the place where the other guests were, but chose to go to the airshaft for the purpose of sitting upon it. It was so dark that she could not see, or did not endeavor to see, whether the shaft was closed, or whether it was safe for her intended use. Under these circumstances, in going into a strange place in the dark without using ordinary care to discover danger, the respondent was guilty of contributory negligence and could not recover. *Smith* v. *Van Sciver,* 58 *N. J. L.* 190; *Gillespie* v. *J. W. Ferguson Co.,* 78 *Id.* 470; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276; *Adams* v. *Olsen,* 107 *Id.* 288.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.